# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| ANDREW TYLER VACTOR, | : | Case No. 3:20-cv-00006 |
| --- | --- | --- |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| URBANA CITY SCHOOLS, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Andrew Tyler Vactor has been employed in several different positions by Defendant Urbana City School District (the School District) or its Board of Education. He began this case by filing a pro se Complaint asserting claims under federal and state law. His federal claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, *et seq.*, and rest on allegations that Defendants discriminated against him because of his race, color, and religion, and retaliated against him for his acts of filing complaints and grievances. His state-law claims assert defamation, slander, and libel.

In addition to the School District, Plaintiff names as Defendants various school officials, members of the School District's Board of Education, a School District Associate/Investigator, an attorney, and two entities—Neola Inc. and ESC of Central

---

[1]Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Ohio. (Doc. #3, *PageID* #16). The relief Plaintiff seeks in his Complaint includes an order directing Defendants to stop their conduct that violates Title VII and state law, a declaration of his legal rights as an employee of the School District, compensation (plus interest for lost income), and punitive damages. *Id*. at 18.

Defendants seek—and Plaintiff opposes—dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

## I.

Under Rule 12(b)(6), the Court accepts Plaintiff's allegations as true and liberally construes his pro se Complaint in his favor. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). His Complaint must contain a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require him to raise "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

Defendants assert that Plaintiff's Complaint is untimely and must be dismissed because he did not file it in this Court within 90 days of his receipt of the Equal Employment Opportunity Commission's (EEOC's) notice of right to sue.

Title VII mandates that a plaintiff who plans to file an employment-discrimination lawsuit must do so within 90 of his or her receipt of a notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see Gong v. University of Michigan*, No. 19-1068, 2019 WL 7598905, at *3 (6th Cir. 2019).

Plaintiff attaches to his Complaint the notice of right to sue he received from the EEOC. This notice was mailed to Plaintiff on September 19, 2019 to his residence (to the same address he provided in the present case). (Doc. #3, *PageID* #s 15, 19). Plaintiff states in his Complaint that he received the notice of right to sue on September 26, 2019. *Id*. at 16 (§ II(B)). The notice informed him, "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice** or your right to sue will be lost …." *Id*. at 19 (emphasis in original).

Because Plaintiff received his notice of right to sue on September 26, 2019, he had until December 26, 2019 to file his Complaint in this Court. Although adding 90 days to September 26, 2019 would have given him until December 25, 2019, this was a holiday. Consequently, his Complaint would have been timely filed on the next day, December 26, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C). Yet he did not file his Complaint until January 6, 2020—outside the 90-day limitations period. He therefore did not timely file the present case. *See* 42 U.S.C. § 2000e-5(f)(1).

Plaintiff explains, "I saw the 90 days as a time frame and not an exact calendar, given the fact that the weekends and holidays are not part of the court business days. I filed this Complaint in a timely manner using the business day timetable…." (Doc. #22, *PageID* #175). He also maintains, "Regarding filing timely, the attorney for my case had my Right to Sue Letter and he held it for 90 days, and led me to believe that he was going to file. I investigated and found that he didn't file and then I immediately filed in order to protect my right to take action in this case." *Id*. at 177. These points raise the possibility that equitable tolling might operate to forgive Plaintiff's untimely filing.

Title VII's 90-day "filing mandate erected no comprehensive jurisdictional impediment to a civil action but instead merely raised a limitations barrier which 'is subject to waiver, estoppel, and equitable tolling.'" *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citation omitted). "The federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 561 (citations omitted); *see Davis v. Clark Cnty. Bd. of Comm'rs*, No. 3:08cv412, 2010 WL 333651, at *12 (S.D. Ohio 2010) (Rose, D.J.).

>[F]ive factors [are] consider[ed]when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Graham-Humphreys*, 209 F.3d at 560 (quoting *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)).

These factors do not favor Plaintiff. He did not lack notice of the 90-day filing requirement; he knew about it on September 26, 2019 when he admittedly received his right-to-sue notice. Assuming, in his favor, that he did not read the notice of right to sue does not help him. The notice's explanation of the 90-day filing deadline was plain, unambiguous, and highlighted in bold lettering. At a minimum, the notice's plain, unambiguous, and emphasized language provided him with constructive knowledge of the deadline. *See Graham-Humphreys*, 209 F.3d at 557 (presumption of actual delivery

and receipt of right-to-sue notice kicks in on the fifth day after EEOC's mailing, absent proof rebutting the presumption).

Plaintiff was not diligent in pursuing his right to file before the 90-day deadline expired. Although he investigated whether his attorney filed a lawsuit, he did not leave himself enough time to file a pro se Complaint in the event his attorney had not acted. There is no indication that something out of his control prevented him from contacting his attorney well within the 90-day period to investigate whether his case had been filed. *Cf. id*. ("a reasonably cautious and prudent Title VII claimant in Graham–Humphreys' posture would, as a modest precaution, assume that limitations began passing on or near the earliest potential date, and would consequently initiate her civil action within ninety days of her receipt of the postman's note which had apprized her of the certified letter which later proved to be her RTS [right to sue] notice.").

Plaintiff's pro-se status does not excuse his failure to comply with the 90-day filing requirement. *E.g., Anderson v. Hamilton Cnty. Bd. of Comm'rs*, No. 1:05cv344, 2006 WL 2709767, at *3 (S.D. Ohio 2006); *cf. Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991) (The plaintiff's pro se Complaint "was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware."). Additionally, nothing in the notice of right to sue suggested or supported Plaintiff's belief that only business days are counted to determine the 90-day filing deadline. The notice warned him that if he did not file his lawsuit within 90 days of receiving the notice, his "right to sue based on this charge will be lost." (Doc. #3, *PageID* #21). Given the clarity of this warning and the

5

severe risk of losing his right to file a lawsuit, it was unreasonable for Plaintiff—a non-attorney—to rely on his own lay understanding of how to count days to correctly calculate when the 90-day period expired.

Lastly, absence of prejudice to Defendants is not a factor to consider because it does not apply unless another factor might justify equitable tolling, and "it is not an independent basis for invoking [equitable tolling]." *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 152 (1984).

Moving in another direction, three Defendants Neola, Inc., Janice Collette, and ESC of Central Ohio contend that Plaintiff's Title VII claims fail against each of them because the Complaint fails to indicate that any of them was Plaintiff's "employer" as defined by Title VII.

Title VII's prohibitions against discrimination and retaliation apply to employers by specifying:

> It shall be an unlawful employment practice for an employer—
>
> > (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin …

42 U.S.C. § 2000e-2(a)(1).

Plaintiff's Complaint does not advance any facts suggesting that Defendants Neola, Inc., Janice Collette, and ESC of Central Ohio employed him or met Title VII's definition of an "employer." The same is true as to the other individual Defendants identified in the Complaint. As a result, to the extent Plaintiff seeks to impose Title VII

6

liability against Neola, Inc., Janice Collette, ESC of Central Ohio, and the individuals identified in his Complaint who do not meet Title VII's definition of an employer, his claims fail as a matter of law. *See Wathen v. General Elec. Co.*, 115 F.3d 400, 405-06 (6th Cir. 1997).

This leaves Plaintiff state-law claims for defamation, slander, and libel. Because all of Plaintiff's federal claims are subject to dismissal, exercising supplemental jurisdiction over his state law claims is unwarranted. *See Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' Motions to Dismiss (Doc. #s 11, 14, 17, 19) be GRANTED, in part, and Plaintiff's claims of Title VII discrimination and retaliation be dismissed with prejudice; and

2. Defendants' Motions to Dismiss (Doc. #s 11, 14, 17, 19) be DENIED, in part, and Plaintiff's state-law claims be dismissed without prejudice; and

3. The case be terminated on the docket of the Court.

March 27, 2020

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).