IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ANDREW TYLER VACTOR, | : | Case No. 3:20-cv-6 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| URBANA CITY SCHOOLS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER DENYING "MOTION TO STRIKE PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATIONS" (DOC. 47); OVERRULING OBJECTIONS (DOC. 41); ADOPTING REPORT AND RECOMMENDATIONS (DOC. 34); GRANTING IN PART, AND DENYING IN PART, MOTIONS TO DISMISS (DOCS. 11, 14, 17, 19); DENYING PLAINTIFF'S "MOTION FOR LEAVE TO AMEND PLAINTIFF'S CLAIM" (DOC. 35); AND, TERMINATING THE CASE**

This case is before the Court on a few items. First is a "Motion to Strike Plaintiff's Objections to Report and Recommendations" (Doc. 47) (the "Motion to Strike") filed by a number of the Defendants.[1] Plaintiff Andrew Tyler Vactor ("Vactor"), acting *pro se*, filed a response to the Motion to Strike. (Doc. 51.) Second is Vactor's Objections (Doc. 41) (the "Objections") to the Magistrate Judge's Report and Recommendations (Doc. 34) (the "Report"). Defendants filed responses to Vactor's Objections.[2] (*See* Docs. 46, 47 (in part), 49.) Third is Vactor's "Motion for

---

[1] The Defendants are Urbana City Schools, Charles Thiel, Robert Huelsman, Darrell Thomas, Amy Paul, Jim Arter, Jan Engle, Sarah Finch, Janice Collette, Karen Adinolfi, Jill Weimer, Cathie Scott, Mildred Chamberlain, Jason Schultz, Scott Wasserman, Daniel Shay, Neola Inc., and ESC of Central Ohio (collectively, the "Defendants"). All of the Defendants except for Janice Collettee ("Collettee"), Karen Adinolfi ("Adinolfi"), Neola Inc. ("Neola"), and ESC of Central Ohio ("ESC") are represented by the same attorneys and filed the Motion to Strike.

[2] Vactor filed two documents that the Court deems to be replies to responses to objections to the Magistrate Judge's Report and Recommendations. (*See* Docs. 50 and 52.) Vactor did not move this Court for leave to file those two documents. Although such replies are generally improper (at least without prior leave from the court), the Court finds that the outcome of this case does not change regardless of whether the Court strikes or considers those two documents filed by the *pro se* plaintiff here. *See* Fed. R. Civ. P. 72; *Credit Gen. Ins. Co. v. Ins. Servs. Grp., Inc.*, No. 2:05-cv-148, 2006 U.S. Dist. LEXIS 40459, at *5-7 (S.D. Ohio June 19, 2006) (explaining that the court's rules

Leave to Amend Plaintiff's Claim" (Doc. 35) (the "Motion for Leave to Amend"). Defendants filed responses to the Motion for Leave to Amend. (*See* Docs. 38 (in part), 39 (in part), 40 (in part), 42 (in part).)

As explained below, the Court **DENIES** the Motion to Strike (Doc. 47) and **DENIES** the Motion for Leave to Amend (Doc. 35). As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court made a *de novo* review of the record in this case. Upon said review, the Court **OVERRULES** the Objections (Doc. 41), **ADOPTS** the Report (Doc. 34), **GRANTS IN PART AND DENIES IN PART** the Motions to Dismiss (Docs. 11, 14, 17 and 19), **DISMISSES WITH PREJUDICE** Vactor's federal claims, **DISMISSES WITHOUT PREJUDICE** Vactor's state claims, and **TERMINATES** this case.

I. **MOTION TO STRIKE**

Several of the Defendants filed a Motion to Strike Vactor's Objections (Doc. 41), which he filed on April 10, 2020. (Doc. 47.) They argue that the Objections were a second set of objections, in violation of Federal Rule of Civil Procedure 72(b), because of an earlier filing that Vactor made on April 2, 2020 (Doc. 35). However, the Court finds that the Objections filed on April 10, 2020 (Doc. 41) are not a second set of objections. Document 35 is titled "Motion for Leave to Amend Plaintiff's Claim Motion/Request to Deny Dismissal of Case with Prejudice." The Court finds the document to be two filings combined, one a motion for leave to amend (addressed below) and the other a sur-reply—improperly filed without leave of court—to ESC's and Collette's reply in support of their motion to dismiss (Doc. 31).[3] Therefore, the Motion to Strike is denied.

---

do "not contemplate a reply memorandum by the objecting party"); *Gimbrone v. Krisher*, No. 2:12-cv-251, 2012 U.S. Dist. LEXIS 145352, at *19-20, 2012 WL 4792396 (S.D. Ohio Oct. 9, 2012) (same).
[3] Additionally, Vactor admits that the April 2, 2020 filing (Doc. 35) was a response to ESC's and Collette's reply in support of their motion to dismiss, not objections to the Report.

## II.   OBJECTIONS TO THE REPORT

In the Report, Magistrate Judge Sharon Ovington addressed four separate motions to dismiss filed by one or more of the Defendants (Docs. 11, 14, 17 and 19).  (*See* Doc. 34.)  The motions addressed in the Report are dispositive motions.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).  Therefore, with respect to any part of the Report that has been properly objected to by a party, the Court must determine, *de novo*, those parts.  *Id*.  The Court has made that determination and a *de novo* review of the record in this case.

The case arises from two charges that Vactor filed with the Equal Employment Opportunity Commission ("EEOC"), numbers 473-2018-01861 and 473-2019-01764.  (*See* Doc. 3.)  On September 19 and September 23, 2019, respectively, the EEOC issued a "Dismissal and Notice of Rights" for each of those charges.  (*Id.* at PAGEID # 16, 19-22.)  Vactor admits that he received the notice of right to sue on September 26, 2019.  (*Id.* at PAGEID # 16.)  On January 3, 2020, Vactor filed in this Court a Motion for Leave to Proceed *In Forma Pauperis*, which attached a copy of his Complaint.  (Doc. 1.)  On January 9, 2020, that motion was granted and a stand-alone copy of the Complaint was filed.[4]   (Doc. 3.)

In the Report, the Magistrate Judge conducted a thorough analysis of Vactor's claims and the parties' arguments.  (*See* Doc. 34.)  She recommended that the motions to dismiss be granted, in part, and denied, in part.  Specifically, she recommended dismissal of Vactor's federal claims with prejudice.  She found that those claims (1) are barred by the 90-day limitations period in 42 U.S.C. § 2000e-5(f)(1), and that equitable tolling does not apply in the particular circumstances of this case; and (2) also fail as a matter of law with respect to Neola, Collette, ESC, and the individuals identified in the Complaint who do not meet Title VII's definition of an "employer."

---

[4] Both January 3 and January 9, 2020 are more than 90 days from September 26, 2019.

The Magistrate Judge recommended dismissal of Vactor's state law claims <u>without</u> prejudice (and that the case then be terminated) because all of Vactor's federal claims are subject to dismissal and exercising supplemental jurisdiction over the state law claims is unwarranted.

Vactor objects to Magistrate Judge Ovington's Report.  (Doc. 41.)  The Objections boil down to two arguments.  The first is that he has viable claims on the merits.  Vactor argues that, "[i]f this case is taken to trial[, he] can show the jury and this Court that Retaliation and Discrimination did take place against [him]."  (Doc. 41 at PAGEID # 359.)  Vactor adds that his case "isn't frivolous or malicious" and that he has suffered damages.  (Doc. 41-1 at PAGEID # 363-64.)

However, as shown in the Report, the facts establish that those claims are barred, regardless of whether they ultimately would have been successful if not for the procedural deficiency.  Vactor filed his complaint outside of the applicable limitations period (*see* Doc. 1; Doc. 34 at PAGEID # 307).  42 U.S.C. § 2000e-5(f)(1); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) ("the Supreme Court [has] stated that procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").  Additionally, Vactor has admitted that he "never stated in [his] claims to this Court that Janice Collette, ESC of Central Ohio, including NEOLA INC., were [his] employer."  (Doc. 36 at PAGEID # 320.)  Moreover, the Report correctly states that the Complaint "does not advance any facts suggesting that [Neola, Collette, and ESC] employed him or met Title VII's definition of an 'employer,'" and "[t]he same is true as to the other individual Defendants identified in the Complaint."  (Doc. 34 at PAGEID # 310.)  And, the Objections do not address or counter the Report's recommendation that his state law claims be dismissed—without prejudice—because the Court should decline to exercise supplemental

jurisdiction over them, in light of its recommendation that Vactor's federal claims be dismissed with prejudice.

Vactor also asserts that "[t]he school district has not denied their actions in any response to dismiss this case." (Doc. 41 at PAGEID # 360.) But none of the Defendants need to do so in the context of a motion to dismiss the Complaint. As stated in the Report, in ruling on a Rule 12(b)(6) motion to dismiss, "the Court accepts Plaintiff's allegations as true"; however, that does not mean that they actually are true or that the Defendants actually have admitted that they are true. (Doc. 34 at PAGEID # 306.) Vactor's federal claims here are barred—regardless of whether Defendants admit or deny the facts alleged in the Complaint.

Vactor's second argument is that failures by his legal counsel caused him to file his complaint outside of the permissible time limit. (*See* Doc. 41 at PAGEID # 358 ("I am not at fault for actions of legal counsel to not contact me in a timely manner, knowing there is a 90 day time limit").) He argues that equitable tolling should apply to forgive his untimely filing. However, the Magistrate Judge thoroughly analyzed whether equitable tolling applies and correctly concluded it does not apply to toll the limitations barrier in the circumstances presented here. (*See* Doc. 34 at PAGEID # 307-10.) This analysis considered arguments regarding the actions of Vactor's legal counsel. (*Id.*)

The Court agrees with the Report's analysis and conclusion—even if the Court also takes into consideration the additional factual allegations from outside the Complaint that Vactor (improperly) included in the Objections. *See, e.g., Graham-Humphreys*, 209 F.3d at 557-61; *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002) ("In general … a lawyer's mistake is not a valid basis for equitable tolling" and "the remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party

to defend against a stale claim"); *Juett v. Greenup Cnty. Ky. Gov't*, No. CV 11-00057, 2011 U.S. Dist. LEXIS 81115, 2011 WL 3101101 (E.D. Ky. July 25, 2011) (dismissing *pro se* complaint with prejudice where claims were time-barred and finding that equitable tolling was not warranted despite plaintiff blaming the missed limitations period on his prior attorney). In fact, some of those additional factual allegations make for an even stronger argument <u>against</u> application of equitable estoppel here, thus further supporting the Magistrate Judge's conclusion in light of the fact that equitable tolling should be used "sparingly." (Doc. 34 at PAGEID # 308 (quoting *Graham-Humphreys*, 209 F.3d at 561).)

Therefore, the Court finds that the Objections (Doc. 41) are not well-taken and are overruled. The Court adopts the Report (Doc. 34) in its entirety.[5]

### III. <u>MOTION FOR LEAVE TO AMEND</u>

In one of his filings, Vactor moved, pursuant to Federal Rule of Civil Procedure 15(a), for "leave to amend the original claim filed." (Doc. 35.) The Court denies Vactor's request for at least a couple of reasons. First, even reading the motion liberally, Vactor fails to state with any particularity the grounds for seeking the order. *See* Fed. R. Civ. P. 7. Second, regardless, there is no indication that Vactor would be asserting any federal claim separate from the ones he already asserted. In line with the analysis above concerning the Report (and in the Report), the amendment would not withstand a motion to dismiss and therefore is futile.[6] *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980) ("It is well settled that the

---

[5] The Court briefly addresses Vactor's "Motion to Deny Dismissal of Case for Defendants ESC of Central Ohio [sic] Janice Collette's Reply in Support of Their Motion to Dismiss & Request for Court to Review the two different dates for the two charges filed under this Claim to this Court." (Doc. 36.) Although Vactor filed this document after the Report had been filed, the Court finds that it is clearly a response to the reply in support of the motion to dismiss earlier filed by ESC and Collette (Doc. 31). Therefore, it is an improper sur-reply filed without prior leave of court. Additionally, the Report addressed the filing's arguments, much of which are (improperly) based on factual assertions from outside the Complaint.

[6] The Court also notes the curious timing of Vactor's motion, filed after full briefing on the motions to dismiss and issuance of the Report that recommends terminating his case.

district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss"); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend … where amendment would be futile," and "[a]mendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss") (internal quotation marks and citation omitted). Therefore, the Court denies Vactor's Motion for Leave to Amend.

### IV. CONCLUSION

The Court notes that this Order does not preclude Vactor from filing his state law claims in state court if he wishes to do so. For the reasons set forth above, the Court rules as follows:

1. The Motion to Strike (Doc. 47) is **DENIED**.

2. The Objections (Doc. 41) are not well-taken and are hereby **OVERRULED**.

3. The Report (Doc. 34) is **ADOPTED** in its entirety.

4. Defendants' Motions to Dismiss (Docs. 11, 14, 17, 19) are **GRANTED IN PART AND DENIED IN PART**.

5. Plaintiff's federal claims—Title VII discrimination and retaliation—are **DISMISSED WITH PREJUDICE**.

6. Plaintiff's state law claims—including defamation, slander, and libel—are **DISMISSED WITHOUT PREJUDICE**.

7. Plaintiff's Motion for Leave to Amend (Doc. 35) is **DENIED**.

8. This case is **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, May 4, 2020.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE